**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**William A. THOMPSON,**
**Defendant-Appellant.**

**No. 79–5315.**

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1980.

Decided July 2, 1980.

Robert J. Shockey, Chattanooga, Tenn., for defendant-appellant.

John H. Cary, U. S. Atty., Chattanooga, Tenn., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay, James A. Riedy, Tax Division, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and CELEBREZZE and KENNEDY, Circuit Judges.

PER CURIAM.

Appellant appeals from his conviction and sentence for failing to file an income tax return and for filing a false income tax return in violation of 26 U.S.C. §§ 7203 and 7206(1). The evidence in support of his conviction appears to be very substantial, if not overwhelming.

This appeal, however, is based on a claim of due process violations by the possible exposure of the jury to newspaper comment concerning still another criminal prosecution wherein this defendant was charged in the case of *United States v. Sisk*, involving allegations of the sale of pardons through influence on the office of former governor Blanton. He also claimed that those articles prejudiced his trial by printing information concerning his prior convictions for bootlegging and gambling. Appellant also claimed the trial court, in face of such comment, should have granted his motion to sequester the jury.

Our review of the newspaper coverage did not indicate to us that it began to approach the sort of problems which the courts have had to deal with in such cases as *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961) and *Sheppard v. Maxwell*, 346 F.2d 707 (6th Cir. 1965), aff'd, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). Nor is there in this record any indication that the jury was influenced or affected thereby. The District Judge was very careful in cautioning the jury and in examining it as to any prejudice.

We find no occasion to reverse this case on the ground just referred to. Nor do we find any abuse of discretion in the District Judge's failure to sequester the jury. The sorts of community pressures which are common to murder prosecutions like the *Sheppard* and *Irvin* cases are not to be found in this record.

The judgments of convictions are affirmed.